CORNELIUS, TRUSTEE *v*. AUFDERHEIDE ET AL.

[No. 14,852.   Filed January 24, 1935.   Rehearing
denied May 10, 1935.]

*Jackiel W. Joseph,* for appellant.

*Linn D. Hay,* and *Theodore R. Dann,* for appellees.

DUDINE, P. J.—Parker Rust Proof Company, a Mich-
igan corporation, and certain individuals, hereinafter
referred to as sellers, and appellees entered into a writ-
ten contract of sale of all the outstanding stock in
Parker Rust Proof Company of Indiana, Inc., an Indi-
ana corporation.   The contract showed that said sellers
had sold said stock to appellees for $6,000.00; that ap-
pellees were to pay $2,000.00 cash, and to execute two
notes for $2,000.00 each, due in ninety days and one
hundred eighty days, respectively; that said cash, notes,
and all of said stock, except three shares, which had
theretofore been delivered to appellees as qualifying
shares, had been delivered to appellant as trustee to
hold until said notes were fully paid and in that event
to deliver said stock to appellees.   Said contract further
showed that management and control of the Indiana

corporation was entrusted to appellees pending the payment of said notes.

The contract also provided that in case of default in the payment of either of said notes when due, the agreement should "be cancelled without notice and all payments made by said Purchaser to said Trustee shall be held by said Trustee as liquidated damages sustained by said stockholders (sellers) by reason of non-performance by said Purchaser . . ."

Appellees failed to pay either of said notes when due.

Appellant filed suit on the two notes. The complaint was in two paragraphs, one for each note, and in a usual form of complaint on promissory notes.

Appellees filed an answer in two paragraphs, the first being a general denial. Appellant filed a reply in two paragraphs to the second paragraph of answer, and thereafter appellees filed an amended second paragraph of answer.

The amended second paragraph of answer alleged that the notes were executed in conjunction with said contract of sale, that appellant was made a party to the contract "to act in the enforcement of said agreement . . . ; that said agreement did contain a stipulation that in the event of the failure of defendants to pay the notes sued upon in plaintiff's complaint, that defendants were to forfeit all interest and title to the capital stock of the Parker Rust Proof Company *in full settlement and liquidation of any and all claims and demands of the said Parker Rust Proof Company and for the plaintiff Willard M. Cornelius, Trustee, against defendants.*" (Our italics.)

Said agreement was incorporated into said amended second paragraph of answer.

Appellant did not file a reply.

The cause was submitted to the court for trial with-

out a jury, and the court found for appellees, and rendered judgment accordingly, whereupon appellant filed a motion for new trial, which motion was overruled, and appellant perfected this appeal, assigning the court's ruling on said motion as the sole error relied upon for reversal.

Appellees did not discuss the merits of this appeal in their brief. Their brief presents but one contention and that is that the judgment should be affirmed because appellant's brief does not comply with that part of Rule 22 (now Rule 21) of this court which requires that appellant's brief "shall contain under a separate heading of each error relied on, separately numbered points, stated concisely, and without argument, together with the authorities relied on in support of them."

Although appellant's brief does not strictly comply with said requirement of Rule 22, we hold that it does substantially comply with it.

The only causes for new trial, set forth in the motion therefor, which are supported under the title "Points and Authorities" in appellant's brief, are, "2. the decision of the court is not sustained by sufficient evidence, and 3. the decision of the court is not sustained by sufficient evidence and is contrary to law."

The evidence shows that said agreement was executed; that said notes were executed in conjunction with the agreement; that appellees failed to make any payments on either of the notes until May 23, 1930, when they paid $250.00 on the first note (which became due ninety days after February 1, 1930). The evidence further showed that appellees failed to make any payments on the second note.

All of appellant's "points" in his brief challenge a supposed contention that appellees cancelled the contract by defaulting in the payment of said notes. Ap-

pellant's points are in effect as follows: (1) the default of appellees did not by reason of the terms of the agreement operate to cancel the agreement and release them from liability; (2) appellees had no right to cancel the trust agreement upon their own default in the pay ment of the notes when due; such right was given to appellant but appellant elected not to exercise it and brought suit to enforce the collection of the notes; (3) if appellees had any right to cancel this agreement. they waived it by their own conduct in failing to cancel the agreement, upon default, and in continuing it in force by making payments on the notes after default.

It should be borne in mind that this is a suit on the notes, and not a suit, instituted by appellees, to cancel the agreement. The main question to be determined in this suit was whether or not appellant could recover on the notes, and not, whether or not appellees could cancel the agreement. The main question to be determined in this appeal is whether the court erred in holding that appellant should not recover on the notes, and not whether or not appellees could cancel the agreement

If the contract is subject to a construction that in case of default in the payment of said notes, appellant's damages for such default should be limited to the payments theretofore made by appellees, the correctness of the court's decision would not depend upon a determination of the question whether or not appellees had the right to cancel the contract by defaulting in the payments.

The contract covers six pages of the transcript and contains many provisions which are not pertinent to this appeal. We deem it inexpedient to incorporate the contract in this opinion.

We deem it sufficient to say that upon a consideration of the contract as a whole, in the light of the circum-

stances attendant upon the execution thereof, as they are shown by the evidence, we think the contract is reasonably subject to a construction that the parties thereby agreed and intended that if appellees defaulted in the payment of either of said notes, appellees would thereby lose all their rights under the contract, and would thereby forfeit all payments theretofore made; that said payments would be considered a full settlement and liquidation of all claims of the sellers against the purchasers, arising out of the non-performance of said contract by appellees; that appellees could not recover any of said payments, and appellant could not recover anything in addition thereto.

That was the theory of appellees amended second paragraph of answer.

The parties, having agreed to such liquidated damages in the event of non-performance of the contract by appellees, and the notes being part and parcel of the contract, appellant should not be permitted to recover on the notes, in addition to the liquidated damages.

Appellant contends the contract gave him a choice of two remedies in case of such default, to wit, cancelling the agreement or suing on the notes. The contract did not specifically provide for such a choice of remedies. It is sufficient to say further that the contract, when considered as a whole, in the light of the circumstances attendant upon its execution, does not so clearly provide for such election of remedies, that conclusions to the contrary are without reasonable basis.

No reversible error having been shown, the judgment is affirmed.